May it please the Court, my name is Al Islas. I am attorney for the appellant Alfredo Lopez-Solis in the Arizona District, and I would ask for two minutes of rebuttal. Your Honor, in this particular case, it's a case of statutory rape. I'm sure this Court is aware that it just made a very, well, important case in the Pereira-Salmeron matter, which directly affects my case. In Pereira-Salmeron, it found that statutory rape of a child of 13 years old is a common violence. There was also Medina-Maella. That is correct, Your Honor. Which is a California statute, somewhat equivalent to statutory rape. Yes, the facts were almost exactly the same, 13-year-old, and it was almost exactly the same. Your Honor, I would bring to the attention the fact that in my case, the alleged victim was 17 years old and about 2 months. What the government is trying to say right now is that statutory rape of a 13-year-old should be applied wholesale to all the ages, 14, 15, 16, 17-year-olds. Counsel, what do we do with the fact that we're supposed to look at these crimes categorically? In other words, in both the Medina and Pereira's cases, I understood the Court to be saying that categorically those crimes were crimes of violence. So if they didn't depend on the specific age of the person, why is that a difference that should make a difference to the outcome here? Your Honor, it makes a huge difference. A 13-year-old and a 17-year-old obviously are. Where do we draw the line? In other words, you've got a 17-year-old plus 2-month victim. The other cases involve 13. Would 14 be all right, 15, 16? Where do we – why do we draw that line in face of our authority that says that statutory rape in general involves the use of force? Based on your own case, Your Honor, based on our own Medina, based on laws such as Velazquez-O'Vera, in which this Court has stated that a person of 13 – a child of 13 years old lacks the wherewithal to make decisions regarding consent. And it uses the words of young children for the gratification of sexual desires, constitutes an abuse. Young children. If we're going to use the plain language, as we're encouraged to do, a 17-year-old is not a young child. It's a young adult. It is a person that will be leaving home. But the statutes are the same. The statutes are the same. My argument is over-encompassing. All the case law to this point has been 13-year-olds, almost right to the line. We have no cases here. There are 15-year-olds, 16-year-olds or 17-year-olds. But, Counsel, part of this statute also requires that there be a minimum age difference between the victim and the perpetrator. And doesn't that incorporate into it an element of the use of power or violence within the meaning of our past cases? In other words, if it was two 17-year-olds, it wouldn't be a crime. The fact that one is 17 and one is significantly older changes the mix, doesn't it? I agree with that, Your Honor, in that if one is significantly older and smaller, as had been previously stated in Velazquez-O'Vera, where crimes occur in close quarters perpetrated by an adult upon a victim who is not only smaller, weaker and less experienced but also generally susceptible to acceding to the coercive power of adult authority, yes, that certainly would be it. But when you get to be the age of 17, adult authority is no longer the same thing as when you are 13. Let me ask this as a matter of just intellectual approach here. Since we're dealing now with a guideline, I don't think we do the modified categorical approach. We simply do the categorical approach, meaning that if all we have is a conviction for statutory rape, we look at everything that's encompassed within the definition of statutory rape, and if it is possible that some ñ and if there is something that constitutes statutory rape that is not sexual abuse of the minor, then I don't think it qualifies within the guideline. Is that correct? I didn't understand where you were coming from, Your Honor. That is to say, do we look at the specific facts of this case? That is to say, the fact that she was 17 years and two months and that he was, I believe, 28 years old? That's correct. Or do we look at, well, the statute encompasses within statutory rape that she could have been 17 years and 11 months and he could have been 21 years and 11 months. That is to say, that's ñ she's under the age and he's 4 years older. That is correct, Your Honor. Your Honor, you have essentially nailed what I think is an overexpanded view of what the case law has been. As I mentioned again, this is only dealt with very young children, and we have essentially a young adult. I want you to answer, Mike. Maybe this question is better answered by the government, and I'll ask the government, of course, also. And that is to say, if we say that a statutory rape conviction when the victim is 17 years and 11 months and the perpetrator is 21 and 11 and a half months, which qualifies under the statute, and we say that that does not constitute sexual abuse of a minor, does that mean that it cannot be applied as a guideline when the facts, in fact, are different? Do we get to look at the underlying facts of the actual case or do we look at the full scope of the statute? And if the full scope of the statute includes within it behavior that is not sexual abuse of a minor, the guideline cannot be applied. Do you understand the question? I believe so, Your Honor. I don't believe that it would be prudent to apply the statute to all the ages, as I mentioned.  And I'll ask the government that question. Very well. All right. Finally, I'm running out of time. How do you, if you don't apply it facially, in other words, look at the age of the victim and the age of the defendant, then do you have to get into specifics? In other words, let's assume that you have a 17-year-old girl who's very slight, very small woman. Would that make a difference? If she's faced with a great big guy, would you then say, well, yeah, that could be sexual abuse of a minor, even though ordinarily I wouldn't say so? I guess we're coming into some kind of a rebuttal presumption that perhaps that could be sexual abuse of a minor. Yes. You agree that she was a minor. The only question I gather is whether you, in your view, what happened was a species of sexual abuse. That is correct, Your Honor. And in this Court in Melton, and this Court recognizes some courts have hesitated in categorically equating the physical risk of sexual acts to minors of different age groups. This Court did not make a bright-line rule regarding what age of conduct, a range of conduct risk of violence was inherent in the parents' -- excuse me, it did not make a bright-line rule in stating which range of conduct per which range of ages was an aggravated felony. It found in other types of cases that perhaps a parental authority could enhance that, but there's no bright-line rule at this time. And in U.S. v. Melton, this Court declined to make a bright-line rule. But it did recognize that some courts have hesitated in categorically equating all physical risks of sexual acts to minors of different ages. Counsel, you have about a minute left. I'd just like to say that. Thank you. Thank you. We'll hear from the government. May it please the Court. My name is Jeffrey Jacobson. I represent the United States in this case. The district court did not err in imposing the 16-level sentencing enhancement in this case because the defendant's prior conviction is categorically a crime of violence. Crime of violence is defined in the sentencing guidelines applicable in this case. Pertinent section includes forcible sex offenses, including sexual abuse of a minor. This Court has already noted in Pereira-Salmon that sexual abuse of a minor is a crime of violence. As the Court will note from the judgment, which is included in the supplemental excerpts of record at 1, on October 5, 2001, the defendant pleaded guilty to Tennessee statute section 39-13, excuse me, 506, statutory rape. Statutory rape is defined as sexual penetration of a victim by the defendant or of the defendant by the victim. When the victim is at least 13 years old and less than 18 years old and the defendant is at least 4 years older, as this Court has noted, than the victim. Tennessee further elucidates what a minor is in section 1-3-105, subpart 15. It notes that a minor is a person who has not yet attained the age of 18. Therefore, categorically, someone between the age of 13 and 18 is a minor, and this Court has already noted that sexual abuse of a minor is a crime of violence. And the answer to that is to say it's quite clear that he was properly convicted of statutory rape under Tennessee law. I don't think anybody, including the defendant, is disputing that. The question, rather, is whether or not statutory rape under Tennessee law is sexual abuse of a minor within the meaning of our guidelines. Now, I guess I'll repeat the question rather than simply ask you to respond to the question I asked earlier, but the question is as follows. As we analyze this case, do we look at the specific facts of this case or do we look at the scope of the statute, that is to say, do we apply the modified categorical approach or purely the categorical approach, to say one more time in a different way, that is to say that if the statute includes behavior as criminally prohibited under statutory rape that is not sexual abuse of a minor, is that the end of the matter and we cannot apply the guideline? I believe, Your Honor, that we only use the categorical approach. We hold the elements of the statute in the Tennessee case up to the guideline, and if they are substantially the same, in fact, if it is unambiguous or if they don't, if the Tennessee statute doesn't include conduct that would convict a defendant in Tennessee and not under the guidelines, then I think our analysis ends there with the categorical approach. Okay. In other words, you lose if we have a case where the victim is 17 years and 11 months, the victimizer is 21 years and 11 1⁄2 months. If that is not sexual abuse of the minor, you lose. Yes. Okay. If there are no other questions from the panel, I'll take my seat. I think we're there. Thank you. Mr. Eastlis, you have about a minute left for rebuttal, if you'd like. Okay. Thank you. The case just argued is submitted. The next case on the calendar, FRGC v. Commissioner of Internal Revenue, has been submitted on the briefs, and that brings us to Ghent v. Woodford.
judges: T.G. Nelson, Graber, W. Fletcher